**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re: <br><br> Vanity Shop of Grand Forks, Inc., <br><br> Debtor. | Case No.: 17-30112 <br><br> Chapter 11 |
| Anfield Apparel Group, Inc., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Vanity Shop of Grand Forks, Inc., <br><br> Defendant. | Adversary No.: 17-07011 |

**MOTION TO DISMISS COMPLAINT**

Debtor-In-Possession/Defendant, Vanity Shop of Grand Forks, Inc. ("**Defendant**"), hereby moves the Court to dismiss the Complaint of Plaintiff Anfield Apparel Group, Inc. ("**Plaintiff**") for failure to state a claim upon which relief may be granted. The argument and authorities in support of this Motion are contained in Defendant's Brief In Support of Motion to Dismiss Complaint filed simultaneously with this Motion.

In light of Plaintiff's failure to state a sufficient claim in this action, Defendant respectfully requests this Court issue an Order dismissing this action with prejudice, and granting Defendant all other relief to which Defendant may be entitled.

Dated this 18th day of May, 2017.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Jon R. Brakke (#03554)
jbrakke@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
ATTORNEYS FOR DEBTOR IN POSSESSION/DEFENDANT

2904822.1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: <br><br> Vanity Shop of Grand Forks, Inc., <br><br> Debtor. | Case No.: 17-30112 <br><br> Chapter 11 |
| Anfield Apparel Group, Inc., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Vanity Shop of Grand Forks, Inc., <br><br> Defendant. | Adversary No.: 17-07011 |

## BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT

On March 1, 2017, Debtor-In-Possession/Defendant, Vanity Shop of Grand Forks, Inc. ("**Defendant**"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. On April 18, 2017, Plaintiff, Anfield Apparel Group, Inc. ("**Plaintiff**"), commenced the instant adversary proceeding. Defendant now moves for an Order of the Court dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

2904828.1

## STATEMENT OF FACTS[1]

Plaintiff has sold clothing to Defendant on multiple occasions over a period of seven years prior to Defendant's bankruptcy petition. [Compl., ¶ 12] Within forty-five (45) days prior to Defendant's petition, Defendant received three shipments of clothing (hereinafter "**Goods**") from Plaintiff. [Compl., ¶ 10] Defendant was insolvent when Defendant received the Goods. [Compl., ¶ 35] Defendant filed a voluntary bankruptcy petition on March 1, 2017. [Compl., ¶ 6] Defendant never paid Plaintiff for delivery of the Goods. [Compl., ¶ 13]

Defendant neither tracks goods supplied by individual vendors, nor codes inventory by individual vendor. [Compl., ¶¶ 2, 40] Defendant cannot identify and return any of the Goods supplied by Plaintiff. [Compl., ¶¶ 29, 39] Plaintiff demanded reclamation of the Goods on March 15, 2017. [Compl., ¶ 16] Defendant has not returned the Goods to Plaintiff. [Compl., ¶ 17]

## LAW AND ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint if there has been a failure to state a claim upon which relief can be granted.[2] Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear no relief

---

[1] As all well-pled factually allegations must be accepted as true when evaluating a motion to dismiss for failure to state a claim, Defendant, herein, outlines the facts alleged by Plaintiff in the Complaint. Plaintiff's reference to the same is in no way an admission to any fact alleged by Plaintiff in the Complaint.

[2] Bankruptcy Rule 7012 specifically notes "Rule 12(b)-(i) F.R.Civ.P. applies to adversary proceedings." Fed. R. Bankr. P. 7012(b).

2

could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327 (citation omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint, and all reasonable inference from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3

I. **PLAINTIFF FAILS TO ALLEGE A CLAIM FOR RECLAMATION UPON WHICH RELIEF CAN BE GRANTED**

As to Count I, "Plaintiff seeks reclamation pursuant to title 11 § 546(c) and pursuant to statutory and common law." [Compl., ¶ 33] Plaintiff, as a matter of law, fails to state an actionable claim for reclamation.

Section 546(c) provides:

> that subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof . . . a seller of goods that has sold goods to the debtor in the ordinary course of such seller's business [has the right] to reclaim such goods if the debtor has received [them] while insolvent within 45 days before the commencement of a case under this title[.]

11 U.S.C. § 546(c)(1). To succeed on a reclamation claim under Section 546(c), a plaintiff must show:

> (1) the debtor was insolvent when the goods were delivered;
>
> (2) a written demand was made not later than 45 days of the debtor's receipt of such goods, or not later than 20 days following the petition date if the 45-day period expires post-petition;
>
> (3) the goods were identifiable at the time of demand; and
>
> (4) the goods were in the possession of the debtor at the time of demand.

*In re Reichhold Holdings US, Inc.*, 556 B.R. 107, 110 (Bankr. D. Del. 2016) (citation omitted); *see also In re Morken*, 182 B.R. 1007, 1016 (Bankr. D. Minn. 1995) (a Section 546(c) claim requires compliance with all explicit requirements of the section, and that the goods sought to be reclaimed are identifiable and in the possession of debtor).

Plaintiff fails to state a claim upon which relief can be granted because Plaintiff admits the inability to prove all necessary elements of the claim. As readily admitted by Plaintiff, the Goods could not be identified at the time reclamation was sought. *See* Compl.,

4

¶ 29 ("Defendant cannot identify and return any of the goods Plaintiff supplied to Plaintiff [sic]."); *see also id.* ¶¶ 39-40. Identification of the Goods is a mandatory element of Plaintiff's reclamation claim, *Reichhold Holdings US*, 556 B.R. at 110, and Plaintiff bears the burden of providing identification. *See, e.g., In re Penthouse Travelers of Aripeka, Inc.*, 120 B.R. 226, 228 (Bankr. M.D. Fla. 1990) (plaintiff failed to present valid reclamation claim when no evidence was submitted goods were identifiable and in possession at time of demand). As Plaintiff readily admitted, the Goods could not be identified at the time reclamation was sought. [Compl., ¶¶ 29, 39-40] Accordingly, Plaintiff fails to state an actionable claim for reclamation. Because Plaintiff's own pleadings admit the inability to prove one of the necessary elements of a claim for reclamation under 11 U.S.C. § 546(c), Plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted.

## II.   PLAINTIFF FAILS TO ALLEGE A CLAIM FOR CONSTRUCTIVE TRUST UPON WHICH RELIEF CAN BE GRANTED

Alternatively, pursuant to Count II, Plaintiff seeks imposition of "a constructive trust on Defendant's monies as Defendant unfairly holds Plaintiff's property, monies and the Court should require Defendant to convey those monies to Plaintiff." [Compl., ¶ 52] Plaintiff's alternative claim for constructive trust also fails to outline a claim upon which relief can be granted.

Assuming, *arguendo*, Plaintiff even outlines a valid claim for a constructive trust in the abstract, *cf. Schroeder v. Buchholz*, 2001 ND 36, ¶ 5, 622 N.W.2d 202 (discussing elements for constructive trust claim), the relief sought cannot be granted. When denying a

5

2904828.1

claim for a constructive trust upon failure of a reclamation claim the Bankruptcy Court for the District of Minnesota explained:

> "Unless a court has already impressed a constructive trust upon certain assets . . . the claimant cannot properly represent to the bankruptcy court that he was, at the time of the commencement of the case, a beneficiary of a constructive trust held by the debtor." *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443, 1449 (6th Cir. 1994). No court imposed a constructive trust before these cases were filed.
>
> Furthermore, the imposition of a constructive trust is inconsistent with the Bankruptcy Code's detailed treatment of creditors and it would be extremely inappropriate for a bankruptcy court to impose a constructive trust.[3] *In re Omegas Group*, 16 F.3d at 1453 (constructive trusts are "anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, not from the offending debtor"); *Small v. Beverly Bank*, 936 F.2d at 949 (under the [Bankruptcy] Act, "equitable liens were 'declared to be contrary to the policy' of bankruptcy law"), citing *Matter of Einoder*, 55 B.R. 319, 328 (Bankr. N.D. Ill. 1985); *Oxford Organisation [sic], Ltd. v. Peterson (In re Stotler and Co.)*, 144 B.R. 385, 388 (N.D. Ill. 1992) (imposing a constructive trust "clearly thwarts the policy of ratable distribution and should not be impressed cavalierly"); *Bast v. Johnson (In re Johnson)*, 174 B.R. 537, 542 (Bankr. W.D. Mo. 1994) (allowing a particular creditor to recover under a constructive trust theory enables that creditor to "lop off a piece of the estate" and circumvents completely the Bankruptcy Code's system of distribution); *Shubert v. Jeter (In re Jeter)*, 171 B.R. 1015, 1022 (Bankr. W.D. Mo. 1994) (imposing a constructive trust in favor of a creditor who is "speediest" or best able to afford the expense of litigation undermines the Bankruptcy Code's policy of pro rate distribution). By seeking a constructive

---

[3] The Eighth Circuit has imposed constructive trusts under totally different circumstances. *See, e.g., Chiu v. Wong*, 16 F.3d 306 (8th Cir. 1994); *Abramowitz v. Palmer*, 999 F.2d 1274 (8th Cir. 1993). However, these decisions are not inconsistent with the principle that constructive trusts conflict with the Bankruptcy Code's policy of pro rata distribution. Both Eighth Circuit cases involved creditors who had asserted ownership interests in exempt property, not property of the estate. Thus, the constructive trusts were imposed on the debtors' properties and were not detrimental to the estates' creditors. Both these cases concerned misappropriated funds which were invested by the debtors in exempt homestead properties in attempts to hide the funds from creditors to whom the funds legally belonged. There was never an extension of credit or any other type of voluntary creditor-debtor relationship. As such, these cases are easily distinguishable from the case at hand. Here, the funds at issue are property of the estate and the creditors have no ownership interest in the assets. To impose a constructive trust under these circumstances would be to prefer particular creditors over the rest of the estate's creditors.

trust here, these defendants are attempting to recover through a back door what they cannot recover directly. *In re Jeter*, 171 B.R. at 1022.

Moreover, the fact that the defendants' loss resulted in part from their own failure to utilize other law which would have enabled them to perfect their security interests mitigates against the imposition of a constructive trust. *In re Matter of Samuels & Co., Inc.*, 526 F.2d [1236,] 1248 [(5th Cir. 1976)]. Finally, equity would not be achieved here by imposing a constructive trust as doing so would result in these creditors being favored over the debtor's other unsecured creditors similarly situated. *In re Omegas Group, Inc.*, 16 F.3d at 1451-[]53; *In re Dynamic Technologies Corp.*, 106 B.R. [994,] 1007 [(Bankr. D. Minn. 1989)].

*Morken*, 182 B.R. at 1022-23 (footnote numbered "29" in original).

Here, a constructive trust was not impressed upon certain assets of the Defendant prior to commencement of bankruptcy. Likewise, Plaintiff does not identify an ownership interest in the Goods. Accordingly, creation of a constructive trust would improperly favor Plaintiff over similarly situated creditors—as disallowed by the Bankruptcy Code. Plaintiff's request for imposition of a constructive trust, therefore, fails to assert a claim upon which relief can be provided.

Plaintiff also argues, if imposition of a constructive trust is not allowed, "the Court should fashion an alternative equitable remedy using the Court's powers under title 11 § 105." [Compl., ¶ 53] Plaintiff argues doing so would "prevent Defendant from being unjustly enriched by its wrongful interference with Plaintiff's right of reclamation." [Compl., ¶ 54] Plaintiff's argument also fails to assert a claim upon which relief can be granted.

Section 105(a) reads:

The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any

7

    determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). While Section 105(a) affords bankruptcy courts broad equitable powers, "[b]ankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements, but are limited to what the Bankruptcy Code itself provides." *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 24-25 (2000) (citations omitted). In other words, while Section 105(a) means bankruptcy courts maintain their traditional equitable powers, this authority "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). That is, courts may not use Section 105(a) powers "to authorize any relief that is prohibited by another provision of the Code." *In re Transit Group, Inc.*, 286 B.R. 811, 815-16) (Bankr. M.D. Fla. 2002) (considering whether exercising Section 105(a) equitable powers conflicted with 11 U.S.C. § 524(e)); *see also In re Lodge Am., Inc.*, 259 B.R. 729, 734-35 (D. Kan. 2001) (affirming bankruptcy court's refusal to exercise its equitable powers because doing so "would be inconsistent with the specific provisions of § 364 of the Code").

    Relevant here, courts universally hold Section 546(c) provides the exclusive remedy when a creditor seeks reclamation. *See, i.e., In re Julien Co.*, 44 F.3d 426, 432 (6th Cir. 1995) ("[A]n overwhelming majority of jurisdictions have held that '§ 546(c) provides the exclusive remedy for a seller who seeks to reclaim goods from a debtor in bankruptcy.'" (citations omitted)); *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1346 (11th Cir. 1988) ("Section 546(c) of the Bankruptcy Code provides the exclusive remedy for a seller who seeks to reclaim goods from a debtor in bankruptcy." (citations omitted)); *In re Dynamic*

8

*Technologies Corp.*, 106 B.R. 994, 104 (Bankr. D. Minn. 1989) ("Section 546(c) is the exclusive remedy available to vendors who are attempting to reclaim their goods." (emphasis in original) (citations omitted)); *In re HRT Industries, Inc.*, 29 B.R. 861, 864 (Bankr. S.D.N.Y. 1983) ("Construing Section 2-702 of the Uniform Commercial Code and more recently Section 546(c), courts have been consistent in holding that the reclamation statutory scheme of relief is the sole remedy for an unpaid vendor when the buyer has filed for bankruptcy, thereby precluding any other common law right a seller might have had." (citations omitted)). The exclusivity of Section 546(c) remedy is maintained no matter how a claimant camouflages or characterizes the reclamation claim:

> No matter how the complaints of these unpaid vendors are clothed, the principal alternative relief sought of the return of merchandise or money damages based on invoice price or an administrative claim is essentially the stuff of reclamation . . . . Typically, fraud pleading is the last gasp of the unpaid vendor who has missed the ten-day notice requirement of Section 546(c) or of its nonbankruptcy state law analogy, Section 2-702 of the Uniform Commercial Code. . . . Courts have consistently viewed these fraud allegations for what they really are: masquerading reclamation claims.

*Dynamic Technologies*, 106 B.R. at 1007 (quoting *In re HRT Industries, Inc.*, 29 B.R. 861, 862 (Bankr. S.D.N.Y. 1983)).

No matter how it is couched, Plaintiff is seeking an alternative remedy for its inability to assert an actionable reclamation claim. But as Section 546(c) provides the exclusive remedy for reclamation, the Court is without authority to provide an alternative equitable remedy pursuant to Section 105(a). Therefore, Plaintiff's claim fails to assert a claim upon which relief can be granted.

Plaintiff's second claim in its Complaint, whether characterized as a claim for imposition of a constructive trust, or for equitable relief pursuant to the Court's inherent

9

authority, fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court issue an Order dismissing this action with prejudice.

Dated this 18th day of May, 2017.

                      **VOGEL LAW FIRM**

                BY: */s/ Caren W. Stanley*
                     Jon R. Brakke (#03554)
                     jbrakke@vogellaw.com
                     Caren W. Stanley (#06100)
                     cstanley@vogellaw.com
                     218 NP Avenue
                     PO Box 1389
                     Fargo, ND  58107-1389
                     Telephone:  701.237.6983
                     ATTORNEYS FOR DEBTOR IN
                     POSSESSION/DEFENDANT

**RE: Vanity Shop of Grand Forks, Inc.**
   **Bankruptcy No. 17-30112; Adversary No.: 17-07011**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **AFFIDAVIT OF SERVICE** |
| COUNTY OF CASS | ) | |

Lori J. Danielson, being first duly sworn on oath, does depose and say she is a resident of Barnesville, Clay County, Minnesota, of legal age and not a party to or interested in the above entitled matter.

On May 18, 2017, affiant caused the following document(s):

**MOTION TO DISMISS COMPLAINT**
**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

to be served by CM/ECF to all peoples listed through the Court's database in regards to this case

*/s/ Lori J. Danielson*
Lori J. Danielson

Subscribed and sworn to before me this 18th day of May, 2017.

*/s/ Karen M. Haugen*
(SEAL)   Notary Public, Cass County, North Dakota

2913107.1