# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re Vanity Shop of Grand Forks, Inc.,<br><br>Debtor.<br>_____ | Bankruptcy Case No.: 17-30112<br><br>Chapter 11<br><br>Adversary No.: 17-07011 |
| Anfield Apparel Group, Inc. a<br>California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Vanity Shop of Grand Forks, Inc.,<br><br>Defendant. | |

## OPPOSITION BY PLAINTIFF TO MOTION TO DISMISS COMPLAINT FOR RECLAMATION FOR IMPOSITION AND IMPRESSMENT OF A CONSTRUCTIVE TRUST

**Comes Now** Plaintiff with its Opposition which is supported by the attached

Memorandum.

Dated: June 7, 2017                           Respectfully submitted,

                                    ___/s/ Steven R. Fox_____
                                    Steven R. Fox
                                    Fox Law Corporation
                                    17835 Ventura Blvd., Suite 306
                                    Encino, CA 91316
                                    Telephone: (818) 774-3545
                                    Facsimile: (818) 774-3707
                                    Srfox@foxlaw.com

## Table of Contents

I.      Preliminary Statement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

II.     The Goods and the Identification Element  . . . . . . . . . . . . . . . . . . . . . .  3

III.    The Remedy Requested is Appropriate . . . . . . . . . . . . . . . . . . . . . . . . .  7

IV.     Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

## Table of Cases and Statutes

XL/Datacomp, 16 F.3d 1443 (Sixth Cir. 1994)  . . . . . . . . . . . . . . . . . . .  14, 16

Chiu v. Wong, (In re Wong), 16 F.3d 306 (8th Cir. 1994) . . . . . . . . . . . . . .  19

Small v. Beverly Bank, 936 F.2d 945 (7th Cir. 1991)  . . . . . . . . . . . . . . . . . .  14

Griffin Retreading v. Oliver Rubber Co. (Matter of Griffin Retreading Co),

795 F.2d 676 (8th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

In the Matter of Samuels & Co., Inc., 526 F.2d 1238 (Fifth Cir. 1976)  . . . . . .  16


In re Stotler & Co., 144 B.R. 385 (U.S. D.C. N.D. Ill. 1992) . . . . . . . . . . . . .  15

Water Techs. Corp. V. Calco, Ltd., 132 F.R.D. 670, 1990 U.S. Dist. LEXIS 18015

(U.S.D.C N.D. Ill. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11


In re Reichold Holdings US, Inc. 556 B.R. 107, 110 (Bankr. D. Del. 2016)   . . .  4

In re Dana Corp., 367 B.R. 409 (Bankr. S.D.N.Y. 2007) . . . . . . . . . . . . . .  10-12

Monfort, Inc. v. Kunkel ( (In re Morken), 182 B.R. 1007

(Bankr. D. Minn. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-17

Bast v. Johnson (In re Johnson), 174 B.R. 537 (Bankr. W.D. Mo. 1994) . . . . . 16

Shubert v. Jeter (In re Jeter), 171 B.R. 1015 (Bankr. W.D. Mo. 1994) . . . . . . . 16

In re Broadview Lumber Co.,168 B.R. 941 (Bankr. W.D. Mo. 1994) . . . . . . . . 19

In re Penthouse Travelers of Aripeka, 120 B.R. 226 (Bankr. M.D. Flor. 1990). . . 4

Ethyl Corp. vs. Pester (In the Matter of Pester Refining Co.),

1989 Lexis 2829, 1989 Westlaw 1684540 (Bankr. S.D. Iowa 1989) . . . . . . . . 5

Ethyl Corp. vs. Pester (In the Matter of Pester Refining Co.),

1990 Lexis 3016, 1990 Westlaw 10593979 (Bankr. S.D. Iowa 1990) . . . . . . . . 5

In re Einoder, 55 B.R. 319 (Bankr. N.D. Ill 1985) . . . . . . . . . . . . . . . . 15, 17-18

In re Jones, 37 B.R. 969 (Bankr. N.D. Tex. 1984) . . . . . . . . . . . . . . . . . . . . 17

In re Albritton, 17 B.R. 555 (Bankr. M.D. Flor. 1982) . . . . . . . . . . . . . . . . . . 17

In re Garland Corp., 6 Bankr. 452 (Bankr. D. Ma. 1980) . . . . . . . . . . . . . 17-18

Western Farmers Assoc. V. Ciba Geiga (in re Western Farmer's Assoc.),

6 B.R. 432 (Bankr. W.D. Wash. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Plaintiff, for its Opposition, states as follows:

## I.

## Preliminary Statement.

1.   The Motion rests on two specific grounds and no other ground:

• The Complaint should be dismissed because the goods Plaintiff seeks to reclaim could not be identified at the time reclamation was sought; and

• The Complaint should be dismissed because the remedy requested,  a constructive trust, is inconsistent with the Bankruptcy Code.

2.   The facts alleged in the Complaint and the requested relief may be unusual. Plaintiff made a written demand for reclamation.  Defendant sold Plaintiff's goods.  Defendant does not track goods once received and cannot account for goods.  In its Motion, Defendant contends that the exclusive remedy for Plaintiff is return of the goods ... but Defendant cannot say what those goods may be and/or when they were sold.   As reclamation is an equitable statute, Defendant's response is unsatisfying.

3.   Plaintiff seeks an equitable remedy, e.g., impressment of a constructive trust. Defendant cites to case law stating such remedy is improper.  Defendant's case law though is distinguishable.  Discussed below is case law closer on point to the facts here and that case law suggests that the contrary is true - impressment of a lien can be proper where fraud is alleged.  Reclamation,

2

at its roots, is a statute based on fraud - a fraudulent representation of solvency.

4.    The Court should deny Defendant's Motion because a claim has been stated and because there is ample case law supporting Plaintiff's proposed remedy.

5.    At a minimum, Plaintiff's allegations are sufficiently plausible that the Court can draw the reasonable inference that Defendant is liable for misconduct.

6.    At this early stage in the pleading, and to the extent the Court may be unsure whether imposition of a trust is an appropriate remedy, the Court at a minimum should let the litigation move forward so that the facts can be developed.  Letting litigation move forward adheres to the federal courts' policy of deciding matters on their merits.

7.    If the Court determines that the Motion's allegations in whole or in part are well taken, then the Court should permit Plaintiff to file an amended complaint.

## II.

## The Goods and the Identification Element.

8.    Defendant contends that, as the goods could not be identified when the reclamation demand was made, Plaintiff cannot satisfy a required element of reclamation and the complaint must be dismissed.

3

9.      Defendant cites <u>In re Reichold Holdings US, Inc.</u> 556 B.R. 107, 110 (Bankr.
D. Del. 2016) but there the <u>Reichold</u>, court addressed not identification but
the rights of a reclaiming vendor against those of the post-petition lender
whose funds were used to satisfy a prepetition loan.

10.     Also, <u>Reichold</u> did not place the burden of identification on the seller; in its
listing of elements, the court stated that "the goods were identifiable at the
time of the demand". (pg. 110) The phrasing is significant.  It is different
than stating Plaintiff must identify the goods.  The distinction is logical as it is
the buyer who would make and keep records to track goods.

11.     Defendant cites <u>In re Penthouse Travelers of Aripeka, Inc.</u>, 120 B.R. 226
(Bankr. M.D. Flor. 1990) to argue Plaintiff has the burden to identify the
goods.  There, the vendor, which supplied trusses and lumber, visited the
Debtor's place of business and saw trusses which it stated it had supplied to
the debtor, an RV manufacturer.  The court found the seller's identification
insufficient.  In <u>Penthouse</u>, the goods were trusses, large objects.  Here, in
contrast, apparel in a warehouse and in 300 plus stores is not susceptible to
a visual inspection.  Here, Defendant did not keep records and is using its
failure to argue Plaintiff cannot meet one element of reclamation.

12.     In the normal course, a vendor will use a debtor's records to track supplied
goods but, here, the Defendant admittedly does not track goods once the

4

goods reach the warehouse.   It is Defendant's conduct which defeat the

element of identification, not conduct by Plaintiff or any third party.  The

goods, apparel, are not large trusses as in Penthouse which could easily be

identified but instead are thousands of articles of apparel mixed in with

other apparel in the warehouse and in hundreds of stores.  Penthouse does

not address the fact pattern where the debtor did not track goods.

13.    The types of goods which may be supplied are many and varied.  There are

specific tangible items such as 100 pieces of furniture specially made.

These should be easy to identify.  In contrast, some vendors supply

thousands of gallons of natural fuel which flow in pipes controlled by a third

party (the pipes being owned not by the seller or the debtor but instead by a

third party operator).  With natural gas, one cannot identify specific

molecules.  Despite this inability, reclamation is still possible because

records are kept. [1]  The same would be true with grain from one farmer

mixed in a silo with many other farmers' grains.

14.    To identify goods, Plaintiff must rely on Defendant's records, records which

---

[1]     Ethyl Corp. vs. Pester (In the Matter of Pester Refining Co.), 1989 Lexis
2829, 1989 Westlaw 1684540 (S.D. Iowa 1989), page 10, pt. 34;
Ethyl Corp. vs. Pester (In the Matter of Pester Refining Co.), 1990 Lexis
3016, 1990 Westlaw 10593979 (S.D. Iowa 1990), page 10, pt. 34.
In these cases, suppliers of natural gas made claims for reclamation
despite the difficulties inherent in tracking specific molecules of
natural gas through third party pipelines.

do not exist. Here Defendant inappropriately relies on its failure to keep records to assert that Plaintiff's reclamation claims must fail.

15.  On whose shoulders falls the burden of identification?  This requirement logically must place some burden on debtors, at a minimum, to keep records from which goods can be identified.  After all, the Defendant has the ability to track goods after receipt, not a reclaiming vendor. [2]

16.  No action that a debtor, faced with a reclamation demand, may take should defeat the vendor's reclamation right.  Griffin Retreading v. Oliver Rubber Co. (In the Matter of Griffin Retreading Co), 795 F.2d 676 (8th Cir. 1986) (citing Western Farmers Assoc. V. Ciba Geiga (in re Western Farmer's Assoc.), 6 B.R. 432 (Bankr. W.D. Wash. 1980). Such actions could include not tracking goods, selling goods after a reclamation demand is received and mixing goods of many vendors, all making identification impossible.

17.  In Griffin, the debtor ignored the reclamation demand and selling the vendor's raw rubber. (pg. 677) The 8th Circuit described "an obvious plan on the part of Griffin" to commit a fraud.  Reclamation, at its heart, is a right based on the buyer's fraudulent misrepresentation of solvency.  In Griffin, the 8th Circuit was content that the debtor's actions, selling the goods

---

[2]     Plaintiff does not allege the goods were altered or modified (e.g., live cows slaughtered with slabs of beef remaining).

and making identification impossible, would not defeat a right to reclaim goods.

18. The same is true in the Vanity Shop case where the Debtor did not track goods in the warehouse or in the hundreds of stores, mixed goods and did not take steps which would permit a seller to identify its goods.

19. In summary, Defendant received Plaintiff's goods but did not track them or keep any records by which identification could be made in its warehouse and/or 300 plus stores. Defendant's failure to track goods and to keep records defeats Plaintiff's ability to identify the goods. As Defendant's actions keep Plaintiff from meeting this element, Defendant's argument on this point is not well taken and the request to dismiss the Complaint should be denied.

### III.

### The Remedy Requested is Appropriate.

A.   Introduction.

20. The Complaint requests reclamation of the goods sold. As Defendant cannot return the goods, Plaintiff requests, in equity, impressment of a constructive trust on the proceeds from the sale. [3]

---

[3]    The Complaint provides the Court may determine that impressment of a constructive trust may not be permitted and therefore requests the Court determine an alternative remedy. (Complaint ¶53)

7

21.   In response, Defendant contends that the goods are gone, the only remedy
is return of the goods so Plaintiff is essentially out of luck.  Case law is clear
that reclamation rights are a response to the fraudulent act which the buyer
committed - the representation that the buyer was solvent.  As a result, the
statute must provide for equitable remedies.

22.   Impressing a trust on the proceeds of the sale by Defendant of Plaintiff's
goods is equitable.  When Defendant received Plaintiff's reclamation
demand, Defendant should have set aside the reclaimed goods.  Instead,
Defendant sold the reclaimed goods and received the proceeds from those
goods.  Had Defendant instead returned the goods, Plaintiff would have
received back its goods and no creditor could be heard to complain about
the return.  Plaintiff would be receiving back goods as §546 provides.  This
is a basic reclamation right.

23.   Defendant, instead of doing what it should have done, sold the goods and
kept the money.  Plaintiff cannot get its goods back.  Plaintiff is entitled to
the proceeds, thus the request for the constructive trust.  There is no harm to
unsecured creditors as the Defendant is in possession of monies it should
never have had.

   B.   Statutory Background.

8

24. What a proper remedy in the context of reclamation in a bankruptcy context is not necessarily an easy question.

25. Initially, under the Code, §546(c) permitted the court to deny reclamation to a seller who had the right of reclamation but the court had to grant to that seller an administrative claim or a lien.

26. The year 2005 amendments modified the statute to remove the language "subject to any statutory or common-law right of a seller of goods" and also removed language from sub-section (c) concerning the alternative remedy of a lien. Notably neither the language of the statute prior to 2005 or following speaks of a constructive trust, the pre-2005 language referred to a lien.

27. Defendant argues this Court lacks authority to grant a lien and Plaintiff is entitled only to the return of its goods.[4] However, §546(c) does not need to be read so narrowly that there is the one exclusive remedy - return of goods. Doing so (1) defeats the public policy protecting sellers of goods and assisting in maintaining stable commerce and (2) interferes with the Court's need for flexibility.

28. Section 546(c) does not create a new Federal right to reclaim goods; it recognizes the existing common law and state law reclamation rights. See In

---

[4]    The alternative remedy under §503(b) seems to not apply.

re Dana Corp., 367 B.R. 409, 414 (Bankr. S.D.N.Y. 2007).  It follows that

state law remedies are still valid.

29. Also, the enactment of §503(b) administrative priority suggests that the

remedy in §546(c) may no longer be an exclusive remedy but its addition

opens up what remedies may be available.  In re Dana Corp. at 411-412.

30. Referring to available non-bankruptcy remedies for sellers, Dana Corp.,

stated:

> From its enactment it was commonly understood that former section
> 546(c) was not the source of a right of reclamation, but simply
> allowed a seller to exercise a right of reclamation existing under
> non-bankruptcy law, subject to certain limitations. In re R.F.
> Cunningham & Co., Inc., 2006 Bankr. LEXIS 3650, 2006 WL
> 3791329, *1 (Bankr. E.D.N.Y. Dec. 21, 2006); Dairy Mart, 302 B.R.
> at 132-33. See also Allegiance Healthcare Corp. v. Primary Health
> Systems, Inc. (In re Primary Health Systems, Inc.), 258 B.R. 111, 114
> (Bankr. D. Del. 2001) ("section 546(c) does not create an independent
> right of reclamation. Rather, it permits an exception to the trustee's
> strong arm powers, if the seller has a right of reclamation under state
> law."); Galey & Lord Inc. v. Arley Corp. (In re Arlco, Inc.), 239 B.R.
> 261, 266 (Bankr. S.D.N.Y. 1999) (citing In re Victory Markets Inc.,
> 212 B.R. 738, 741 (Bankr. N.D.N.Y. 1997)("section 546(c) of the
> Bankruptcy Code historically had been viewed as a provision that
> "recognize[s] any right to reclamation that a seller may have under
> applicable nonbankruptcy law.")

Dana Corp. at p. 414.

31. Congress removed the language "subject to the prior rights of a holder of a

security interest in such goods" but did not explain the purpose for this

deletion.

10

32.    In a footnote, the <u>Dana Corp.</u> court noted that courts have commented on

the meaning of the deletion of this language:

> Several possible explanations have been suggested. One is that
> Congress sought to resolve the issue of whether a secured creditor
> was a "good faith purchaser" under the U.C.C. See <u>In re Reliable
> Drug Stores, Inc.</u>, 70 F.3d 948, 949 (7th Cir. 1995) (Court of
> Appeals, in dicta, noted that there was room for debate as to whether
> a party with a security interest qualified as a good faith purchaser.); <u>In
> re Arlco, Inc.</u>, 239 B.R. at 266-67 (stating that "[m]ost courts have
> treated a holder of a prior perfected, floating lien on inventory … as
> a good faith purchaser with rights superior to those of a reclaiming
> seller" and collecting cases demonstrating the majority rule); <u>Victory
> Markets</u>, 212 B.R. at 742 (same). Another explanation is that
> amended "546(c) codifies the subordination of a reclaiming seller's
> rights to those of a lender secured by a floating lien in the same
> goods, although section 546(c) has to date applied nonbankruptcy
> law to the same effect." Norton Survey, *supra*, note 3.

<u>Dana Corp.</u> at 416, footnote 7.

33.    Defendant contends that the return of goods is the sole remedy available to

a seller.  That is incorrect, given the context of the fraud here - Reclamation

is based on a fraudulent representation or misrepresentation by a debtor.

That cannot be true here where Defendant took steps which ensured the

goods could not be returned.  [5]

34.    Courts have struggled to determine appropriate remedies for reclaiming

---

[5]    For a debtor to confirm a plan, the plan must be proposed in good
faith.  With the sale of goods following receipt of a demand for
reclamation, a debtor may face a bad faith argument at the time of
plan confirmation.

11

sellers. However, the case law rarely, if ever, addresses the specific facts here - the reclamation demand made but the debtor then sells the goods.

- For a reclaiming seller, whose claim is not a §503(b)(9) claim, its sole remedy under §546 may be to receive back the reclaimed goods which remain.

- For a seller, whose claim is not a §503(b)(9) claim and whose debtor ignores the reclamation demand and sells the goods, that seller would seem to have no remedy, at least according to the Opposition.

- For a seller, whose claim is not a §503(b)(9) claim and whose debtor sold the goods after the demand was made and/or never tracked the goods, while Defendant would argue that the seller has no remedy, that argument has to be wrong. The seller would be defeated by a debtor who ignored the reclamation demand and who made a conscious decision not to have in place mechanisms to track goods. There has to be a remedy as §546 is at heart based on equity and in response to a fraudulent act by the debtor - the representation of solvency.

C.   **Defendant's Case Law Is Not Convincing.**

35.   Defendant cites to <u>Monfort, Inc. v. Kunkel ( (In re Morken)</u>, 182 B.R. 1007 (Bankr. D. Minn. 1995), including a page length quote at pages 6-7 of the

Opposition.  Based on <u>Morken</u>, Defendant argues that impressing a trust on assets of the estate is inconsistent with the Code.

36.   <u>Morken</u> concerns whether certain creditors could successfully assert reclamation claims.  The court concluded they could not meet the required elements and did not hold claims for reclamation.  Having made that ruling, the court in <u>Morken</u> then went on to discuss constructive trusts.  The discussion is dicta.

37.   Defendant's lengthy quote from <u>Morken</u> includes cases which that court cited to (in dicta) to conclude that imposing a constructive trust would be inconsistent with the Code.  However, <u>none</u> of the cited cases arise in the context of a reclamation creditor seeking to impose a trust, <u>Morken</u> is not on point with the facts in the Complaint.

38.   Here are comments about the cases <u>Morken</u> cites to support its position that impressment of a constructive trust is inconsistent with the Code:

- <u>Morken</u> cites to <u>XL/Datacomp</u>, 16 F.3d 1443 (Sixth Cir. 1994) where the creditor, holding a general unsecured claim - not a reclamation claim - sought a constructive trust.  <u>XL/Datacomp</u> is inapplicable here.

- <u>Morken</u> cites to <u>Small v. Beverly Bank</u>, 936 F.2d 945 (7th Cir. 1991) where, following a failed chapter 11 which was converted to a chapter 7, and following the sale by the chapter 7 estate of certain

13

assets, a creditor (which had sold some of these assets to the debtor) brought suit to to impress a trust on assets of the estate and contended that its lien should be superior to the preexisting lien of the bank.  Relevant here is that the creditor was not seeking reclamation, the return of goods.  It wanted to impress a trust over the back of the bank.  The creditor was not a reclamation creditor.

- <u>Morken</u> cites to <u>In re Stotler & Co.</u>, 144 B.R. 385 (U.S. D.C. N.D. Ill. 1992) where a creditor sought to recover commissions from the debtor, a commodities futures trader.  As the plaintiff was unable to demonstrate a fiduciary relationship and was unable to trace the commissions owed, the district court would not impose a trust on the debtor's assets.  This was not a reclamation case but an effort by a general unsecured creditor to get a leg up on other creditors.

- <u>Morken</u> cites to <u>In re Einoder</u>, 55 B.R. 319 (Bankr. N.D. Ill 1985) where a bank had lost original loan documentation and apparently could not record its mortgage in the chapter 13 debtors' residence. Apparently no mortgage had been recorded and the debtors filed for relief under chapter 13.  The bank asserted that it held an equitable lien in the debtors' residence.  The issue was not reclamation; the issue instead was impressment of a lien based on the equities.  Of

14

course the trustee's strong arm powers would come into play in this type of situation.  Reclamation was not at issue in this case.

- Morken cites to Bast v. Johnson (In re Johnson), 174 B.R. 537 (Bankr. W.D. Mo. 1994) where an unsecured creditor brought an action under §523, obtained a judgment and sought to impress a constructive trust on assets and to subordinate all other unsecured claims to her claim.  The court determined that the entire debt was dischargeable.   Id. at 539.  Bast had no significant discussion of a constructive trust except as dicta. It largely quoted XL Datacomp.

- Morken cites to Shubert v. Jeter (In re Jeter), 171 B.R. 1015 (Bankr. W.D. Mo. 1994) where the prevailing creditor in an action under §523 sought a constructive trust on property titled in a third party's name asserting that the property was actually the debtor's property. The creditor could not show tracing, there were standing issues and the creditor could not demonstrate entitlement to a constructive trust. (Id. at 1021) This was not a reclamation case.

- Morken cites In the Matter of Samuels & Co., Inc., 526 F.2d 1238 (Fifth Cir. 1976) (priority of vendor of goods against claimant holding security interest in the goods)  Samuels was not a case concerning imposition of a trust in the context of a claim for reclamation.

15

39.     It is not that <u>Morken</u>'s position on impressing a trust against estate assets is

incorrect; that argument does not have to be made here.  More to the point,

<u>Morken</u> does not apply because it was faced with a different situation - the

creditors were not entitled to reclamation - while here the Plaintiff is, at least

in the context of this Motion. <u>Morken</u> did not need to address the issue of

impressing a trust and it did not discuss the fraud aspect of reclamation as

the basis for impressing a trust.

**D.      There is Bankruptcy Case Law Which Permits the Imposition of a**

**Trust Against Estate Property in Similar Facts.**

40.     One court cited by <u>Morken</u> stated:

> While in general the Bankruptcy Code does give recognition to liens
> which are valid under state law, this is not always the case. See, e.g.,
> §§ 522(f)(2), 545, 547. There has long been a great hostility in
> bankruptcy to secret liens such as equitable liens.
>
> While there are some cases where equitable liens have been
> recognized  [*329]  in the bankruptcy context, for the most part these
> have been in situations involving fraud. See In re Jones, 37 Bankr.
> 969 (Bankr. N.D. Tex. 1984); In re Albritton, 17 Bankr. 555 (Bankr.
> M.D. Fla. 1982); In re Garland Corp., 6 Bankr. 452 (Bankr. D. Ma.
> 1980).

<u>Einorder</u> at 328-329 (disapproved on other grounds, <u>Water Techs. Corp. V.</u>

<u>Calco, Ltd.</u>, 132 F.R.D. 670, 1990 U.S. Dist. LEXIS 18015 (U.S.D.C N.D. Ill. 1990)

41.     Reclamation is based on a fraud by the purchaser concerning its

representation regarding solvency.

16

42.   In <u>Einorder</u>, the bank asserted that it held an equitable lien where it had not recorded a mortgage to secure a loan against the debtors' residence.  The bankruptcy court held that the debtors had not committed a fraud which was necessary for the imposition of a lien against their residence.  Here, in contrast in the Vanity Shop case, Defendant made a representation, a misrepresentation, as to its solvency.

43.   In <u>In re Jones</u>, 37 B.R. 969 (Bankr. N.D. Tex. 1984) cited by <u>Einorder</u>, the lien was a lien in property of the estate.  The bankruptcy court upheld the concept of imposing an equitable lien in property of the estate.

44.   In <u>In re Albritton</u>, 17 B.R. 555 (Bankr. M.D. Flor. 1982), also cited by <u>Einorder</u>, the court found, in connection with a complaint under §523(a) that the plaintiff did not carry her burden of proof to establish fraud.  (In contrast, here, where Plaintiff made a demand for reclamation which is based on a misrepresentation by Defendant, fraud exists - at least at this stage of the pleadings.)  In <u>Albritton</u>, the creditor sought to impress a trust.  The court, finding that plaintiff had not established fraud, would not impose a constructive trust on certain real property.  Here, in the Vanity Shop matter, the Complaint alleges that Defendant committed an act of fraud.

45.   <u>In re Garland Corp.</u>, 6 Bankr. 452 (Bankr. D. Ma. 1980) (a motion to dismiss) was also cited by <u>Einorder</u>.

17

46.  The <u>Garland</u> Court noted the "overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." (citing <u>Bank of Marin v. England, Trustee</u>, 385 U.S. 99 at 103, 87 S. Ct. 274 at 277, 17 L. Ed. 2d 197 (1966). The Court has the obligation to safeguard parties' "substantial right[s]" and that bankruptcy not be "a sword to cut a fraudulent swath of economic disaster." (citing <u>Jackson v. Star Sprinkler Corporation et al.</u>, 575 F.2d 1223 (8th Cir. 1977).

47.  The <u>Garland</u> court stated: "There is authority for granting an equitable lien when legal rights are lost as a result of fraud." The court also stated: "Certainly in equity the thief should not be allowed to hide behind the victim's resulting lack of possession."

48.  Here, the Complaint alleges that when Plaintiff made its reclamation demand Defendant was in possession of an identifiable asset, Plaintiff's apparel goods. Rather than returning Plaintiff's property, Defendant sold Plaintiff's property and now cannot account for the apparel. Defendant committed a fraudulent act. Plaintiff is entitled to an order impressing a lien on estate monies to the extent Defendant sold Plaintiff's goods after receiving the demand for reclamation.

49.  A requirement of a constructive trust appears to be that Plaintiff have no adequate remedy at law. It is Defendant's position in its Motion that Plaintiff

18

is only entitled to the return of its goods (which Defendant cannot account for and/or return), so, based on Defendant's position, Plaintiff has no adequate remedy at law. [6]

50.  The court in In re Broadview Lumber Co.,168 B.R. 941 (Bankr. W.D. Mo. 1994) speaks to this point.  See generally pages 964-965 in part explaining why Chiu v. Wong, (In re Wong), 16 F.3d 306, 307 (8th Cir. 1994) is inapplicable.  (In Chui, a party sought to impress a trust against an exempt asset.)

51.  Finally, and contrary to Defendant's suggestion that allowing a constructive trust would permit Plaintiff to make an end run around the estate and the Code's priority system, Plaintiff is following its property from the form of goods into monies which the Defendant is holding.  Had Defendant returned the property as it should have done, no other creditor would have had any claim to the property returned to Plaintiff.  What Plaintiff seeks here, return of the property or, as the property is now gone, return of the proceeds of the property, does not boost Plaintiff's priority ahead of other creditors; it simply gives Plaintiff what Defendant should have already given to Plaintiff.

---

[6]      Defendant's argument is inequitable.

19

IV.

Conclusion.

52.    The Motion seeks to dismiss the Complaint on two grounds on two grounds:

identification; and the requested remedy.  Defendant does not raise any

other objection.  The discussion above addresses these issues such that the

Motion should be denied and Defendant should be directed to file its

answer.

53.    In the event the Court concludes that Defendant's Motion has merit, then the

Court should permit Plaintiff the opportunity to amend its Complaint.

Dated: June 7, 2017                               Respectfully submitted,

                                                  ___/s/ Steven R. Fox_____
                                                  Steven R. Fox
                                                  Fox Law Corporation
                                                  17835 Ventura Blvd., Suite 306
                                                  Encino, CA 91316
                                                  Telephone: (818) 774-3545
                                                  Facsimile: (818) 774-3707
                                                  Srfox@foxlaw.com

                                                  Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017, I electronically filed the foregoing Complaint for Reclamation for Imposition and Impressment of a Constructive Trust with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

 __/s/ Steven R. Fox_____
Steven R. Fox
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
Telephone: (818) 774-3545
Facsimile: (818) 774-3707
Srfox@foxlaw.com

Attorneys for Plaintiff

21