# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.: 17-30112 |
| Vanity Shop of Grand Forks, Inc., | Chapter 11 |
| Debtor. | |
| Anfield Apparel Group, Inc., a California Corporation, | |
| Plaintiff, | |
| vs. | Adversary No.: 17-07011 |
| Vanity Shop of Grand Forks, Inc., | |
| Defendant. | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT

On March 1, 2017, Defendant[1] filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. On April 18, 2017, Plaintiff commenced the instant adversary proceeding. (AP Doc. 1) Defendant moved to dismiss. (AP Doc. 4). Plaintiff filed a brief opposing dismissal, arguing (1) Plaintiff's inability to provide evidence of an essential element of its reclamation claim did not defeat the claim, and (2) despite not being permitted under the statute, Defendant's alleged "fraud" allowed for creation of a constructive trust in "equity." *See generally* Opp'n by Pl. to Mot. to Dismiss Compl. for Reclamation for Imposition & Impressment of a Constructive Trust ("**Plaintiff's Brief**").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in Defendant's Brief in Support of Motion to Dismiss Complaint ("**Defendant's Brief**"). (AP Doc. 4)

(AP Doc. 6). Defendant now replies to the same, and respectfully requests an Order of the Court dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## LAW AND ARGUMENT

### I. PLAINTIFF'S ADMISSION THAT A PRIMA FACIE ELEMENT OF ITS RECLAMATION CLAIM CANNOT BE PROVED REQUIRES DISMISSAL

Plaintiff does not dispute that an essential element of a claim for reclamation is identification of goods. *See* Plaintiff's Brief, ¶¶ 8-19. Nevertheless, Plaintiff argues Defendant bears the burden of proving—or at least providing the necessary evidence of—a prima facie element of Plaintiff's claim. *Id.* ¶ 15. Plaintiff's argument is contrary to black letter law—it is a plaintiff's burden to provide prima facie evidence of all essential elements of a plaintiff's claim. *See, e.g.*, *Monfort, Inc. v. Kunkel, (In re Morken)*, 182 B.R. 1007, 1017 (Bankr. D. Minn. 1995) ("[T]o establish their prima facie case [for reclamation] the defendants need only to show that the cattle were identifiable in the debtor's possession at the time their reclamation demands were made.") If a plaintiff fails to provide such evidence of any essential element—including in cases of reclamation—then the claim fails. *See, e.g.*, *In re Penthouse Travelers of Aripeka, Inc.*, 120 B.R. 226 (M.D. Fla. 1990) (denying Section 546 claim when plaintiff failed to prove the goods sought to be reclaimed were in possession of debtor at the time reclamation was sought). Here, Plaintiff does not dispute it is unable to produce any evidence identifying the Goods in possession of Defendant at the time reclamation was sought. Plaintiff's Brief, ¶¶ 12-13. Because identification is an essential

2

element, and because Plaintiff admits it cannot produce evidence showing an essential element, Plaintiff simply fails to state a claim upon which relief can be granted.[2]

Nevertheless, Plaintiff argues *Griffin Retreading Co. v. Oliver Rubber Co. (In re Griffin Retreading Co.)*, 795 F.2d 676 (8th Cir. 1986), requires granting Plaintiff a remedy despite the inability to show identification. *Griffin Retreading* is entirely inapplicable to the present case. In *Griffin Retreading*, the debtor received a large shipment of rubber, and then filed for bankruptcy the very next day. *Id.* at 677. Despite receiving a timely demand for reclamation, the defendant sold off the identifiable rubber still in its possession. *Id.* The seller then brought suit under Section 546, seeking either reclamation or an administrative expense claim for the value of the rubber. *Id.* at 677-78.

The Eighth Circuit upheld the award to seller of an administrative expense for the value of the rubber. *Id.* at 680. Fundamental to *Griffin Retreading*, however, was the goods could be identified as in possession of the debtor at the time the reclamation was sought. *Id.* at 677 ("At the time Griffin received the mailgram [seeking reclamation] it still had on hand all of the rubber delivered by Oliver on May 2, 1984[.]"). Because the delivered goods were still readily identifiable as in the possession of the debtor, the Eight Circuit held the debtor could not take any subsequent action to defeat the seller's reclamation rights by selling off the identifiable goods. *Id.* at 679-80.

---

[2] Plaintiff cites *Ethyl Corp. v. Pester Refining Co. (In re Pester Refining Co.)*, to argue identification of a specific molecule of natural case is unnecessary to present an actionable claim for reclamation. *See* Plaintiff's Brief, ¶ 13 n.1. The natural gas in *Ethyl Corp.* was shipped in multi-gallon barrels, and was found to be identifiable at the time reclamation was sought. *See* Adversary No. 85-0192, 1989 WL 1684540, at *2 (Bankr. D.S.D. Sept. 28, 1989) ("The Ethyl Tel Motor Premis 33 White 8 and the 12-55 gal. drums of ethyl antioxidant were in the possession of PRC on February 26 and 27, 1985, and were identifiable."). Indeed, *Ethyl Corp.* shows goods must be identifiable, no matter the difficulty in identifying the goods.

Here, however, as readily apparent from the pleadings from both Plaintiff and Defendant, the Goods were not identifiable at the time Plaintiff sought reclamation. Defendant did not act to "fraudulently" defeat Plaintiff's reclamation claim—the Goods already were not identifiable in the ordinary course by the time Plaintiff sought reclamation. Because the Goods were not identifiable when Plaintiff made its reclamation demand, *Griffin Retreading* does not apply to the present case.

Simply stated, identification is a necessary element of a reclamation claim. Plaintiff does not dispute the Goods could not be identified when demand for reclamation was made. Because a necessary element cannot be proven, Plaintiff fails to state a claim for reclamation upon which relief can be granted, and the claim should be dismissed.

## II. CONSTRUCTIVE TRUST

Plaintiff argues the request for the alternative remedy of a constructive trust is permissible by law. Plaintiff's argument fails. As previously explained by Defendant, Section 546(c) provides the exclusive remedy when a creditor seeks reclamation. *See In re Julien Co.*, 44 F.3d 426, 432 (6th Cir. 1995); *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1346 (11th Cir. 1988); *In re Dynamic Technologies Corp.*, 106 B.R. 994, 104 (Bankr. D. Minn. 1989); *In re HRT Industries, Inc.*, 29 B.R. 861, 864 (Bankr. S.D.N.Y. 1983). As outlined above—and in Defendant's original brief—Plaintiff does not have a viable claim for reclamation because identification at the time reclamation was sought cannot be shown. Because Section 546(c) provides the exclusive remedy for reclamation claims, no matter how Plaintiff couches the claim, the Court does not have authority to impose a constructive trust. *Dynamic Technologies*, 106 B.R. at 1007.

Nevertheless, Plaintiff still argues a constructive trust can be imposed for "fraud." *See* Plaintiff's Brief, ¶¶ 40-51.  Defendant notes Plaintiff provides no particularity in its allegation of "fraud," *see* Compl, despite being required to plead fraud with specificity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake."); Fed. R. Bankr. P. 7009 (applying Rule 9 to adversary proceedings); *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("In other words, the party must typically identify the 'who, what, where, when, and how' of the fraud." (citation omitted)).  Indeed, Plaintiff provides no particularity beyond arguing, in its briefing, "[r]eclamation is based on a fraud by the purchaser concerning its representations regarding solvency."  Plaintiff's Brief, ¶ 41; *see also id.* ¶ 42 ("Defendant made a representation, a misrepresentation, as to its solvency.").  As Plaintiff's has not set forth fraud with any specificity, Plaintiff's "fraud" claim fails. *See, e.g.*, *Phillips 66 Co. v. Miltenberger (In re Miltenberger)*, 538 B.R. 547 (Bankr. E.D. Mo. 2015) (granting motion to dismiss for failure to state claim when fraud allegation was not set forth with requisite particularity).

*Arguendo*, if the Court finds a mere allegation of insolvency at the time of acceptance of goods is sufficient to plead fraud, the Court still cannot provide Plaintiff the remedy sought.  Plaintiff seeks a constructive trust for the "fraud" of accepting goods while insolvent.  But acceptance of goods while insolvent is a necessary element of any and all reclamation claims. *See, e.g.*, *In re Reichhold Holdings US, Inc.*, 556 B.R. 107, 110 (Bankr. D. Del. 2016).  If this "fraud" permits creation of a constructive trust, Plaintiff's advanced fraud "exception" to Section 546(c) would swallow the rule and permit creation of a constructive trust for all reclamation claims.  As Congress has already determined a specific

5

remedy for claims for reclamation when the debtor is "fraudulently" insolvent, the Court cannot create an unlimited alternative remedy. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 24-25 (2000) (citations omitted).

Alternatively, Plaintiff argues the constructive trust must be allowed because of "equity." Plaintiff's Brief, ¶¶ 40-51. Again, "equity" does not permit a bankruptcy court to substitute underlying law in the name of "equity." *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 24-25 (2000) (citations omitted). Moreover, the authority provided by Plaintiff does not support imposition of a constructive trust in this case. Plaintiff first cites *In re Einoder*, 55 B.R. 319 (Bankr. N.D. Ill. 1985), and the cases cited therein, as supportive of granting a constructive trust in this case. However, the *Einoder* court did not support creation of constructive trust or equitable liens—the court specifically identified a "great hostility in bankruptcy to secret liens such as equitable liens." *Id.* at 328 (footnote omitted). While the court identified some courts had rarely recognized equitable liens in cases of fraud, neither the *Einoder* court, nor the cases identified therein, supported granting an equitable lien in instances of "fraud" arising out of a claim for reclamation. *Id.* at 328-29 (citing *In re Jones*, 37 B.R. 969 (Bankr. N.D. Tex. 1984); *In re Albritton*, 17 B.R. 555 (Bankr. M.D. Fla. 1982); *In re Garland Corp.*, 6 B.R. 452 (Bankr. D. Mass. 1980)). Indeed, in *Garland*, a case identified by *Einoder*, the court only allowed for the possibility of an equitable lien when the debtor intentionally and dishonestly invalidated a valid statutory lien. 6 B.R. at 455-56. Again, beyond insolvency, Plaintiff alleges no intentional dishonest or fraudulent act by Defendant. Accordingly, *Garland* provides no support to Plaintiff's argument for a constructive trust.

Plaintiff finally cites *In re Broadview Lumber Co.*, 168 B.R. 941 (Bankr. W.D. Mo. 1994), as supportive of its argument for imposition of a constructive trust. While Plaintiff correctly outlines *Broadview Lumber* identifies "[a] constructive trust or equitable lien is available only when there is no adequate remedy at law," *id.* at 964, *Broadview Lumber* does not require imposition of a constructive trust whenever a party is left without remedy. Indeed, Plaintiff does not cite, and Defendant has been unable to find, a single case of a bankruptcy court awarding a constructive trust when a seller is unable to prove its necessary elements for reclamation—whether under a theory of fraud or otherwise. Instead, as originally outlined by Defendant, "[n]o matter how the complaints of these unpaid vendors are clothed, the principal alternative relief sought of the return of merchandise or money damages based on invoice price or an administrative claim is essentially the stuff of reclamation . . . ." *In re HRT Indus.*, 29 B.R. 861, 862 (Bankr. S.D.N.Y. 1983). This Court should see through Plaintiff's transparent effort and "view[] these fraud allegations for what they really are: masquerading reclamation claims." *Id.* The Court should not break new ground in this case, and should only afford Plaintiff the remedy allowed by Congress under Section 546(c).

Finally, even if the Court finds equity can—in the abstract—permit creation of a constructive trust when a plaintiff cannot prove all elements of reclamation, creation of a constructive trust would not further equity in this case. Plaintiff claims "Plaintiff is following its property from the form of goods into monies which the Defendant is holding." Plaintiff's Brief, ¶ 51. Plaintiff is doing no such thing because the Goods are not identifiable. *See supra*. Plaintiff does not know if the Goods were completely sold off at the time of the reclamation claim; Plaintiff does not know if the Goods were entirely in Defendant's

7

possession at the time of the reclamation claim—the Goods were not identifiable. Nevertheless, Plaintiff demands a trust over the entire value of the Goods. Such a trust would impermissibly grant Plaintiff a benefit by providing a right to Plaintiff for goods potentially already sold prior to Defendant's bankruptcy petition, or prior to Plaintiff's demand for reclamation. It is for this very reason identification is necessary for reclamation—failure to identify goods will provide an impermissible benefit to the seller, over the rights of other creditors, when it is unknown to what extent goods were still in a debtor's possession. The Court cannot grant Plaintiff an entirely speculative trust when that trust would necessarily affect other creditor's rights. Equity would not be served by granting Plaintiff a constructive trust when Plaintiff cannot identify to what extent it would have a claim to the Goods.

Moreover, the impressment of a constructive trust for the value of the Goods would actually be an improvement in the Plaintiff's position over where it would have been if Plaintiff had in fact received the Goods back via reclamation. Plaintiff would have received back goods that it would then be required to find an alternative buyer and possibly remove labels, etc. before the new buyer could sell the goods. Equitable remedies are not intended to improve the position of the Plaintiff.

The Bankruptcy Code limits Plaintiff's claim for reclamation to the remedy afforded by Section 546(c). Section 546(c) does not permit creation of a constructive trust, and creation of a construction trust if a party cannot carry its burden in proving reclamation would impermissibly ignore the confines of the Bankruptcy Code. Moreover, even if the Bankruptcy Code did permit a constructive trust for reclamation claims, Plaintiff's sought trust is inequitable to other creditors because Plaintiff claims funds it would not be entitled to

8

even in reclamation. Accordingly, Plaintiff's prayer for imposition of a constructive trust should be denied for stating a claim on which relief cannot be provided.

## CONCLUSION

For the foregoing reasons, and for the reasons originally set forth, Defendant respectfully requests the Court issue an Order dismissing this action with prejudice.

Dated this 20th day of June, 2017.

**VOGEL LAW FIRM**

BY: */s/ Caren W. Stanley*
Jon R. Brakke (#03554)
jbrakke@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
ATTORNEYS FOR DEBTOR IN POSSESSION/DEFENDANT

2940664.3

**RE: Vanity Shop of Grand Forks, Inc.**
     **Bankruptcy No. 17-30112; Adversary No.: 17-07011**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **AFFIDAVIT OF SERVICE** |
| COUNTY OF CASS | ) | |

    Lori J. Danielson, being first duly sworn on oath, does depose and say she is a resident of Barnesville, Clay County, Minnesota, of legal age and not a party to or interested in the above entitled matter.

    On June 21, 2017, affiant caused the following document(s):

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

to be served by CM/ECF to all peoples listed through the Court's database in regards to this case.


*/s/ Lori J. Danielson*
Lori J. Danielson

Subscribed and sworn to before me this 21st day of June, 2017.


*/s/ Karen M. Haugen*
(SEAL)          Notary Public, Cass County, North Dakota


2913107.3